UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

IN RE WESTON and MARISA
LANGLOIS, Minors.

Case No. 1:18-CV-330

HON. GORDON J. QUIST

_____/

**ORDER OF REMAND**

On March 23, 2018, Jessica Langlois filed a document in this Court titled "Petitioner's Motion for Removal to Federal Court Pursuant to 28 U.S.C. § 1446," seeking to remove a child protective proceeding pending in the Ingham County Circuit Court. In her Notice of Removal, Langlois states that she is removing the case "based upon violation of and non-enforcement of her Procedural and Substantive Due Process rights guaranteed under the Fourteenth Amendment, as well as her First Amendment rights of the United States Constitution in the State Court proceedings." (ECF No. 1 at PageID.2.) Thus, it appears that Langlois alleges that removal is proper based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.

As courts of limited jurisdiction, "federal court[s] must proceed with caution in deciding that [they have] subject matter jurisdiction." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996). This Court is thus duty-bound to examine its subject matter jurisdiction in every case, and may raise the issue *sua sponte*. *Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

"Under the well-pleaded complaint rule, the presence of federal jurisdiction turns on whether a plaintiff's properly pleaded complaint presents a federal question on its face." *Klepsky v. United Parcel Serv., Inc.*, 489 F.3d 264, 269 (6th Cir. 2007) (internal quotation marks omitted). Thus, "[t]he possibility that federal law might be raised in defense is generally not enough to justify removal to federal court." *Id.*; *see also Bullitt Cnty. Fiscal Court v. Newsome*, No. 94-5720, 1995

WL 408183, at *2 (6th Cir. June 21, 1995) (per curiam) (stating that "when a case is removed from state court, the district court must look to the plaintiff's complaint; the presence of a defense based on federal law is not sufficient to confer federal question jurisdiction"). Similarly, "[i]t is well-established that a defendant cannot remove based on a counterclaim." *Duckson, Carlson, Bassinger, LLC v. Lake Bank, N.A.*, 139 F. Supp.2d 1117, 1118 (D. Minn. 2001). *See also Archer v. Arms Tech., Inc.*, 72 F. Supp. 2d 784, 787 (E.D. Mich. 1999) ("A corollary to the 'well-pleaded complaint' rule is that a defendant may not remove a case to federal court on the basis of an affirmative defense or counterclaim raising a federal question.").

The fact that Langlois's rights might have been violated in the state-court child protective proceeding is not a basis for removal. The petition in the state-court case is based on Michigan law, not federal law. Thus, Langlois fails to allege a proper basis for removal to this Court.[1]

Therefore,

**IT IS HEREBY ORDERED** that this case is **REMANDED** to the Ingham County Circuit Court-Family Division, pursuant to 28 U.S.C. § 1447(c) and (d).

Dated: March 29, 2018                           /s/ Gordon J. Quist             
                                         GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE

---

[1] It also appears that remand is proper based on the *Rooker-Feldman* doctrine, which has its roots in the Supreme Court's decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923), and provides that lower federal courts are without authority to review final judgments of state courts in judicial proceedings. This is because "only the Supreme Court of the United States has the jurisdiction to review state court decisions." *Coleman v. Governor of Mich.*, 413 F. App'x 866, 870 (6th Cir. 2011) (citing *Rooker*, 263 U.S. at 416, 44 S. Ct. at 150)). The Supreme Court has clarified the scope of the doctrine, confining it to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22 (2005). It appears that the removal falls squarely within *Rooker-Feldman*, as Langlois appears to be a state-court loser complaining of an injury caused by the state-court's judgment.